# ORIGINAL

FILED
U.S. DIST. COURT
IN THE UNITED STATES DISTRICT COURT   AUGUSTA DIV.
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION                    1999 DEC ¯1   A 9:30

CLERK
DIST. OF GA.

VICTOR D. BERGER,                          )
                                           )
        Plaintiff,                         )    CIVIL ACTION
v.                                         )    FILE NO.
                                           )            **CV199-220**
WAFFLE HOUSE, INC., d/b/a                  )
WAFFLE HOUSE,                              )
                                           )
        Defendant.                         )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Waffle House, Inc. ("Waffle House"), files

this Notice of Removal and states as follows:

1.

On October 27, 1999, Plaintiff Victor D. Berger ("Plaintiff") filed a civil action

against Waffle House styled Victor D. Berger v. Waffle House, Inc. d/b/a Waffle House, Civil

Action File No. 1999-RCSC2501 (State Court of Richmond County, Georgia).

2.

On or about November 1, 1999, Waffle House was served with a copy of the

Summons and Complaint. True and accurate copies of the Summons and Complaint are attached

as Exhibit 1.

3.

Plaintiff brings suit pursuant to claims under which the United States District Courts

have original jurisdiction, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000

et seq. ("Title VII"). Plaintiff also brings pendent state law claims for defamation and intentional

infliction of emotional distress.

4.

Pursuant to 28 U.S.C. § 1441(c), Waffle House removes this case to the United States

District Court for the Southern District of Georgia, Augusta Division.

5.

A copy of this Notice of Removal has been filed with the Clerk of Court for the State

Court of Richmond County, Georgia pursuant to 28 U.S.C. § 1446(d). See Notice of Filing Notice

of Removal, attached as Exhibit 2.

WHEREFORE, Waffle House prays the action be removed to this Court.

Respectfully submitted this 30th day of November, 1999.

By: _____

David L. Gordon
Georgia Bar No. 301976
J. Marcus Howard
Georgia Bar No. 370076
JACKSON, LEWIS, SCHNITZLER & KRUPMAN
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1226
(404) 525-8200

ATTORNEYS   FOR   DEFENDANT   WAFFLE
HOUSE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VICTOR D. BERGER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) FILE NO. |
| | ) |
| WAFFLE HOUSE, INC., d/b/a | ) |
| WAFFLE HOUSE, | ) |
| | ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I certify I have served Plaintiff with a true and correct copy of the foregoing **NOTICE**

**OF REMOVAL** by causing a copy to be deposited in the United States mail, first class, postage

prepaid, to the following:

> Kristina M. Anderson
> Maxwell & Anderson
> 225 Barnwell Ave., N.W.
> Aiken, South Carolina 29801
> This 30th day of November, 1999.

David L. Gordon
Georgia Bar No. 301976

H:\Client Folders\W\Waffle House\Berger Victor\Pleadings\Notice of Removal.wpd

## IN THE ~~SUPERIOR~~/STATE COURT OF RICHMOND COUNTY

## STATE OF GEORGIA

_____Victor D. Berger_____

CIVIL ACTION 1999 RCSC 2051
NUMBER

_____

_____
                                              PLAINTIFF

VS.

_____Waffle House, Inc. d/b/a_____
**Waffle House**

_____

_____
                                              DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Kristina K. Anderson, Esq.**
> **P.O Box 1115**
> **Aiken, SC  29802**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___27th___ day of ___October___, 19 99

Clerk of ~~Superior~~/State Court

By _____
                                              Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on on this sheet if addendum sheet is used

**IN THE STATE COURT OF RICHMOND COUNTY**
**STATE OF GEORGIA**

**COPY**

VICTOR D. BERGER,

        Plaintiff,

vs.

WAFFLE HOUSE, INC.,
d/b/a WAFFLE HOUSE,

        Defendant.

1999 ACSC 3851
COMPLAINT
(Jury Trial Demanded)

Civil Action No.: 99 _____

Now comes Plaintiff above-named, Victor D. Berger, and files this, his Complaint against the Defendant Waffle House, Inc., d/b/a Waffle House, and alleges and shows unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.    That the Plaintiff herein is a citizen and resident of the State of Georgia, County of Richmond, and is subject to and submits himself to the jurisdiction of this Court.

2.    That the Defendant, Waffle House, Inc., d/b/a Waffle House, hereinafter "Defendant," is a corporation organized and existing under the laws of the State of Georgia and doing business in Richmond County, Georgia, at all times alleged herein.

3.    Defendant is subject to the jurisdiction of this Court and may be served with process through their registered agent in this State in Gwinnett County: FREDERICK TYLER, 5986 FINANCIAL DRIVE, NORCROSS, GEORGIA 30071.

4.    All acts complained of herein occurred in Richmond County, Georgia.

5.    At all times alleged herein the Defendant Corporation acted through its agents, servants and employees, who at all relevant times were acting within the scope of their employment with Defendant Corporation.

6.     At all times alleged herein Defendant Corporation employed fifteen (15) or more employees and was an employer as that term is defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et. seq.

7.     Plaintiff has exhausted the administrative remedies available to him hereunder by filing a charge of discrimination with the Equal Employment Opportunity Commission (E.E.O.C.) on or about May 21, 1999.  The Commission issued the Plaintiff a Right To Sue on July 30, 1999, which Plaintiff received on or about August 1, 1999, and timely exercises hereunder.


## COURSE AND PATTERN OF DEALING BETWEEN THE PARTIES

8.     The allegations of paragraphs 1 through 7 are incorporated herein as if repeated verbatim.

9.     Plaintiff was hired by Defendant in or around April 1998, as an employee, specifically a cook.

10.     Plaintiff continued to work for Defendant, and was eventually promoted in September 1998 to Maintenance Technician in Augusta, Georgia, where he performed the maintenance for eight (8) of Defendant's establishments in the Central Savannah River Area throughout Richmond County, and he remained in this position until on or about May 12, 1999, when he was abruptly, and without warning, terminated.

11.     Until the time of his termination and from the time he was made Maintenance Technician in September 1998, Plaintiff worked under his then manager, Rhonda Flanders, a Division Manager for Defendant.

12.     In October 1998, Plaintiff and manager Rhonda Flanders were driving

2

back from a training class in Atlanta, Georgia, when without warning or provocation, Flanders grabbed Plaintiff's crotch in a sexually suggestive manner.

13.    Plaintiff immediately informed Flanders that he was uncomfortable with her conduct and that he would not be involved with her in that manner; Flanders responded by informing Plaintiff that he would be sorry.

14.    Subsequent to that event, Flanders began to harass and reprimand Plaintiff at every turn regarding his job performance.

15.    Because Plaintiff felt that he was being harassed by Flanders as a result of his rejection of her sexual advance, Plaintiff complained to Flanders' supervisor, Jimmy Harbin, Defendant's Region Manager.

16.    Despite Plaintiff's continued complaints to Harbin, Harbin refused to take any action against Flanders or do anything to remedy the situation.

17.    Plaintiff called Defendant's "Associate Helpline" to report to Defendant's corporate home office Flanders' conduct and Harbin's inaction.

18.    Thereafter, Harbin threatened to fire Plaintiff if he did not stop calling Defendant's corporate home office and the "Helpline."

19.    Throughout this time, Flanders and Harbin made false statements to other employees and the public  regarding Plaintiff's lack of intelligence, training and that he was not able to do his job.

20.    Plaintiff was then terminated on May 12, 1999, for violation of Defendant's policies because Flanders' daughter, also Defendant's employee, alleged that Plaintiff made sexually suggestive comments to her.

21.    The statements that Flanders and Harbin made were false and the accusation made during Plaintiff's termination was false.

3

22.   These statements and accusation were defamatory in nature and Defendant, through its employees and agents, published these allegations to the public both orally and in writing.

23.   At the time of the making of these statements against Plaintiff, Defendant knew or should have known that the same were false.

24.   Specifically, Plaintiff was not warned of any problems regarding his job performance prior to termination.

25.   Additionally, Plaintiff was not given an opportunity to remedy any problem, if one did exist, prior to termination, as other co-employees were.

26.   Plaintiff is informed and believes that no one was more qualified for the Maintenance Technician position that he had held than he was.

27.   Plaintiff is informed and believes that the stated reason for his termination was pretext.

28.   Plaintiff is informed and believes that he was terminated for opposing a sexually hostile work environment and or in retaliation for reporting his superiors for their conduct and/or inaction regarding the situation.

29.   Plaintiff is informed and believes that he was terminated and that Defendant made this decision at least partially based upon his sex,  male, and that he was subjected to a sexually hostile work environment and/or quid-pro-quo sexual harassment; and in retaliation for reporting and opposing said environment, any one of which is in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000(e), et. seq.), 42 U.S.C. 1981, and 42 U.S.C. 1988.

4

## FOR A FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964
## (42 U.S.C. 2000(e), et. seq.),
## 42 U.S.C. 1981 & 42 U.S.C. 1988

30.     The allegations of paragraphs 1 through 29 are incorporated herein as if repeated verbatim.

31.     Based upon the foregoing and the course and pattern of dealing between the parties, Plaintiff is informed and believes that the reason for his termination was pretext.

32.     Plaintiff is informed and believes that he was terminated and that Defendant made this decision at least partially based upon his sex, male, and that he was subjected to a sexually hostile work environment and/or quid-pro-quo sexual harassment; and in retaliation for reporting and opposing said environment, any one of which is in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000(e), et. seq.), 42 U.S.C. 1981, and 42 U.S.C. 1988

33.     As a result of Defendant's actions herein, Plaintiff has suffered lost wages, benefits, incurred substantial costs and attorney's fees and suffered mental pain and anguish.

34.     Plaintiff is informed and believes that Defendant's actions herein were willful violations of State and Federal Law.

35.     Based upon the foregoing, Plaintiff is informed and believes he is entitled to damages from the Defendant for actual losses including lost wages and benefits, attorney's fees and costs, expert fees, and punitive damages.

5

## FOR A SECOND CAUSE OF ACTION
### DEFAMATION: SLANDER & LIBEL

36.   The allegations of paragraphs 1 through 35 are incorporated herein as if repeated verbatim.

37.   Plaintiff was terminated on May 12, 1999,  from his position as Maintenance Technician.

38.   Immediately prior to that time, Defendant's agents made statements to other employees and the public in general regarding Plaintiff's inability to do his work, including that Plaintiff was stupid, incompetent and various other statements of similar nature to impute to Plaintiff the inability to perform his job.

39.   Plaintiff was then terminated on May 12, 1999, for violation of Defendant's policies because Flanders' daughter, also Defendant's employee, alleged that Plaintiff made sexually suggestive comments to her.

40.   The statements that Defendant's employees and agents made were false and the accusation made during Plaintiff's termination was false.

41.   These statements and accusation were defamatory in nature and, Defendant, through its employees and agents, published these allegations to the public both orally and in writing.

42.   At the time of the making of these statements against Plaintiff, Defendant knew or should have known that the same were false.

43.   Defendant made these statements and published these allegations to impute the truth of the allegations upon Plaintiff and with the intent that the same be believed by the public.

44.   These allegations held Plaintiff up to public ridicule and impuned public

6

belief in Plaintiff's ability to do his job.

45.   Plaintiff is informed and believes that Defendant's conduct herein, through its employees and agents, constitutes defamation, both slander and libel.

46.   As a result of Defendant's actions herein, Plaintiff suffered damages.

47.   Based upon the foregoing, Plaintiff is informed and believes he is entitled to damages from the Defendant for actual losses including lost wages and benefits, attorney's fees and costs, and punitive damages.

## FOR A THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.   The allegations of paragraphs 1 through 47 are incorporated herein as if repeated verbatim.

49.   Based upon the foregoing and the course and pattern of dealing between the parties, Plaintiff suffered severe mental anguish and emotional distress.

50.   Defendant's conduct constitutes the intentional infliction of emotional distress as that tort has been defined under Georgia law.

51.   Defendant herein acted with the intent to cause Plaintiff harm or with reckless disregard or indifference to the harm that its actions might cause Plaintiff.

52.   In so doing, the conduct of Defendant was so outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable so that no reasonable man or woman could be expected to endure it.

53.   Based upon the foregoing Plaintiff is informed and believes he is entitled to damages from the Defendant for his expenses and costs, mental pain and anguish, and for punitive damages against the Defendant.

7

**WHEREFORE, Plaintiff prays:**

(1)     That he receive actual damages including back and front pay and benefits;

(2)     That he receive damages for his mental pain and anguish;

(3)     That he receive punitive damages in an amount sufficient to deter the Defendant from such further misconduct in the future;

(4)     That he receive attorney's fees, expert fees and the costs of this action; and

(5)     For such other and further relief as this Court may deem just and proper.

## CLAIM FOR JURY TRIAL

Comes now Plaintiff in his initial pleading before this Court and requests this Court grant him a trial by jury of all issues that would properly be submitted to a jury in this case.

MAXWELL & ANDERSON

By: _Kristina M Anderson_

KRISTINA M. ANDERSON
Georgia Bar No.: 017535

225 Barnwell Avenue, NW
Aiken, South Carolina 29801
(803) 641-6700

October 27th, 1999.

8

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| VICTOR D. BERGER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) FILE NO. 1999 RCSC 2051 |
| | ) |
| WAFFLE HOUSE, INC., d/b/a | ) |
| WAFFLE HOUSE, | ) |
| | ) |
| Defendant. | ) |

## **NOTICE OF FILING NOTICE OF REMOVAL**

TO: CLERK OF STATE COURT OF RICHMOND COUNTY, GEORGIA

Pursuant to 28 U.S.C. § 1441, Defendant Waffle House, Inc. has removed the above-

styled action from this Court to the United States District Court for the Southern District of Georgia,

Augusta Division ("Southern District"). A copy of the Notice of Removal, which is simultaneously

being filed in the Southern District, is attached hereto as Exhibit A. A copy of the Answer being

filed by Waffle House in the Southern District is attached hereto as Exhibit B.

Respectfully submitted this 30th day of November, 1999.

By: _____

David L. Gordon
Georgia Bar No. 301976
J. Marcus Howard
Georgia Bar No. 370076
JACKSON, LEWIS, SCHNITZLER & KRUPMAN
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1226
(404) 525-8200

ATTORNEYS FOR DEFENDANT WAFFLE
HOUSE, INC.

IN THE STATE COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| VICTOR D. BERGER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) FILE NO. 1999 RCSC 2051 |
| | ) |
| WAFFLE HOUSE, INC., d/b/a | ) |
| WAFFLE HOUSE, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify I have served Plaintiff with a true and correct copy of the foregoing **NOTICE**

**OF FILING NOTICE OF REMOVAL** by causing a copy to be deposited in the United States

mail, first class, postage prepaid, to the following:

> Kristina M. Anderson
> Maxwell & Anderson
> 225 Barnwell Ave., N.W.
> Aiken, South Carolina 29801

This 30th day of November, 1999.

David L. Gordon
Georgia Bar No. 301976

H:\Client Folders\W\Waffle House\Berger Victor\Pleadings\Notice of Filing Notice of Removal.wpd